THEODORE F. DAWSON v. STANLEY EAYRS,
d.b.a. STAN'S DINER, AND ANOTHER.

210 N. W. 2d 311.

August 31, 1973—No. 43899.

*Carroll, Cronan, Roth & Austin* and *Thomas A. Foster,* for relators.
*Albertson, Norton & Jergens, John V. Norton,* and *William Jepsen,*
for respondent.

Heard before Knutson, C. J., and Otis, Todd, and MacLaughlin, JJ.

PER CURIAM.

The matter here for review is an order of the Workmen's Compensation Commission holding respondent, Theodore Dawson, to be an employee of relator Stanley Eayrs and computing benefits based on an estimated wage of $2 an hour. The employer seeks a reversal of that decision. We affirm.

The injury which gave rise to the award of benefits occurred on May 14, 1968, when a ventilating fan which Dawson had installed in Eayrs' restaurant collapsed and struck him on the head.

1. Eayrs contends that the facts require a finding Dawson was an independent contractor. Dawson had been a patron of Eayrs' restaurant for some time when Eayrs asked him to remove and repair the defective fan. There was no formal agreement for compensation. However, there was testimony Dawson would receive credit on his meals in return for his services. Eayrs provided the necessary equipment but Dawson used his own tools and did the work at his own convenience. Eayrs kept a record both of the time Dawson worked and the meal checks which he accumulated.

The guidelines for determining whether a relationship is that of an employee or independent contractor are set forth in Guhlke v. Roberts Truck Lines, 268 Minn. 141, 143, 128 N. W. 2d 324, 326 (1964), as follows:

"\* \* \* (1) The right to control the means and manner of performance; (2) the mode of payment; (3) the furnishing of material or tools; (4) the control of the premises where the work is done; and (5) the right of the employer to discharge. In determining whether the status is one of employee or independent contractor, the most important factor considered in light of the nature of the work involved is the right of the employer to control the means and manner of performance."

Eayrs argues that he exercised no control over Dawson, had no definite agreement for payment, that Dawson used his own tools, and was actually a gratuitous volunteer. We do not agree. The facts are not unlike those in Farnam v. Linden Hills Congregational Church, 276 Minn. 84, 149 N. W. 2d 689 (1967), where we sustained a finding that a boy doing tree trimming on church property was not an independent contractor and was entitled to compensation benefits.

We are satisfied that Dawson was acting as a casual employee, and Eayrs retained control over the means and manner of his performance. The fact that he had some experience in electrical work, used his own tools, and fixed his own hours did not, in our opinion, elevate him to the status of an independent contractor. In effect, Dawson was working for his meals, and Eayrs had the right to terminate the relationship at will. The evidence was sufficient to sustain the commission's finding that Dawson was an employee.

2. Because of a prior industrial accident, Dawson was undergoing rehabilitation and was not regularly employed immediately before he sustained this injury. The commission was therefore unable to fix his benefits on the basis of his recent employment experience. A determination by the compensation judge that he was entitled to the minimum benefits of $17.50 a week was reversed by the commission. They held that the reasonable hourly wage for the work Dawson performed for Eayrs was $2 per hour, based on testimony of an employment expert. Since there was competent evidence to support the commission's findings, they will not be disturbed.

Respondent is allowed $400 attorneys' fees.

Affirmed.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.