# FERN LUNDY v. CITY OF WORTHINGTON AND ANOTHER.

226 N. W. 2d 295.

January 31, 1975—No. 44940.

*Molter & Runchey* and *Robert C. Runchey,* for relators.

*Brecht, Hedeen & Hughes* and *Laurence B. Hughes,* for respondent.

TODD, JUSTICE.

Relators, city of Worthington and its insurer, seek review of a decision of the Workmen's Compensation Commission awarding benefits to respondent, widow of the deceased employee. Relators contend that the respondent is not entitled to these benefits because at the time her husband was injured he was an independent contractor and not an employee of the city of Worthington. We affirm.

The decedent was a retired volunteer fireman for the city of Worthington. Each fall for the 3 years preceding his death, he and another retired fireman inspected the business premises in the city for code violations in order that all of the business premises might qualify for lower fire insurance premiums. Each inspection followed an appropriation of the city council of $400 to pay expenses and compensate the inspectors. Forms printed by the city were completed for each premise by the inspectors and returned to the officers of the fire department for review and any necessary corrective action. The inspectors were left very much on their own in fixing their hours and days of work

and in determining the details of their inspection. However, in each case the inspectors were retired firemen who had conducted previous inspections.

On September 12, 1972, the decedent, while inspecting one of the business premises, fell down a flight of stairs, incurring the severe injuries which led to his death. There is no evidence from which to infer that either the decedent or his partner in the inspection were involved in fire inspections other than for the city of Worthington.

We have held that the existence or nonexistence of an employment relationship between two parties is a question of fact and, if reasonable inferences may be drawn to support either conclusion, the commission's finding must stand. Farnam v. Linden Hills Congregational Church, 276 Minn. 84, 149 N. W. 2d 689 (1967).

The standards to be employed in determining whether one is an employee or an independent contractor were detailed in Guhlke v. Roberts Truck Lines, 268 Minn. 141, 143, 128 N. W. 2d 324, 326 (1964), where we said:

"* * * [T]he factors applied in testing the relationship are: (1) The right to control the means and manner of performance; (2) the mode of payment; (3) the furnishing of material or tools; (4) the control of the premises where the work is done; and (5) the right of the employer to discharge. In determining whether the status is one of employee or independent contractor, the most important factor considered in light of the nature of the work involved is the right of the employer to control the means and manner of performance."

Relators argue that the city of Worthington exercised no control over the deceased employee or his fellow inspectors. This begs the critical question of right to control. We are satisfied that the city had this right. That the city exercised so little actual control over the inspection was attributable not to the absence

of the right to control, but to the inspectors' expertise garnered prior to retirement from active service to the city.

This result is consistent with our decision in Dawson v. Eayrs, 297 Minn. 514, 210 N. W. 2d 311 (1973), and Farnam v. Linden Hills Congregational Church, *supra.*

Attorneys fees in the amount of $350 are allowed respondent on this appeal.

Affirmed.